NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RANDALL SHANE SLATEN, *Appellant.*

No. 1 CA-CR 22-0562
FILED 4-11-2024

Appeal from the Superior Court in Maricopa County
No. CR2021-115402-001
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Law Office of Stephen M. Johnson Inc., Phoenix
By Stephen M. Johnson
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge David D. Weinzweig joined.

---

**J A C O B S**, Judge:

¶1 This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), of Randall Slaten's conviction for knowing transportation or offer to sell or transfer a dangerous drug. Counsel for Slaten, after searching the entire record, reports no arguable question of law and asks the court to conduct an *Anders* review of the record. Slaten was given the opportunity to file a supplemental brief *pro se* but has not done so. We find no reversible error and affirm Slaten's conviction and sentence.

**FACTS AND PROCEDURAL HISTORY**

¶2 In April 2021, law enforcement received a tip that individuals from Indiana would travel to Arizona to purchase bulk methamphetamine. On April 25, 2021, police officers saw Slaten and a passenger make a suspicious exchange with a third individual at an apartment complex in Phoenix. Slaten passed a duffel bag to the individual through Slaten's rental car window before the individual placed a box in the bed of Slaten's car. After the police searched Slaten's vehicle, they found the box, covered with a blanket and other items, containing twenty pounds of methamphetamine.

¶3 Upon finding the methamphetamine, the officers arrested Slaten. On April 28, 2021, the State charged Slaten with two offenses: Count 1, knowing transportation or offer to sell or transfer a dangerous drug; and Count 2, knowing possession of a handgun, a deadly weapon, during the commission of a felony. The State dismissed Count 2 before trial. Following a three-day trial, Slaten was convicted of Count 1. Slaten timely appealed.

**DISCUSSION**

¶4            The record reflects that Slaten was represented by counsel who was present at all critical stages of the proceedings. The record contains substantial evidence supporting the verdict. The court's sentence was within statutory limits, and the presentence credit in Slaten's favor was correct as reflected in the sentencing order and the presentence report. Nothing presented in the record failed to comply with the Arizona Rules of Criminal Procedure.

¶5            The jury's verdict was supported by substantial evidence. For Count 1, the State was required to prove Slaten knowingly transported for sale, imported into this state; or offered to transport for sale or imported into this state, sell, transfer or offer to sell or transfer a dangerous drug. A.R.S. § 13-3407(A)(7).

¶6            For Count 1, the State demonstrated Slaten knowingly transported for sale, imported into this state or offered to transport for sale or import into this state, twenty pounds of methamphetamine. *See* A.R.S. § 13-3407(A)(7). The facts show Slaten had the requisite knowledge for the offense. Police saw Slaten pass the duffel bag to the third individual in exchange for the box that contained methamphetamine. The jury also heard testimony from DEA agents, responding officers, and other law enforcement personnel who examined the evidence and corroborated that methamphetamine was in the box.

¶7            The Court entered lawful sentences on all counts. Count 1 was a class 2 felony under A.R.S. § 13-3407(A)(7). The sentencing range for a class 2 felony is a maximum of twelve-and-one-half-years of imprisonment and a minimum of three years. A.R.S. § 13-702(D). Here, the court issued a presumptive sentence of ten years, which falls within the statutory range.

¶8            There was no error concerning aggravation. The jury considered the aggravating factors concerning pecuniary gain, see A.R.S. § 13-701(D)(6), and the presence of an accomplice, see A.R.S. § 13-701(D)(4). Because the jury did not unanimously decide that both aggravating factors were proven, there was no aggravation, and thus no possibility of error.

**CONCLUSION**

¶9            We affirm Slaten's convictions and sentence.

¶10 Defense counsel's obligations pertaining to this appeal have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Unless upon review counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Slaten of the status of this appeal and his future options. *Id.* Slaten has 30 days from the date of this decision to file a petition for review *in propria persona*. *See* Ariz. R. Crim. P. 31.21(b)(2)(A). On the court's own motion, Slaten has 30 days from the date of this decision in which to file a motion for reconsideration. *See* Ariz. R. Crim. P. 31.20(c). A timely motion for reconsideration will extend the deadline to file a petition for review. *See* Ariz. R. Crim. P. 31.21(b)(2)(A).



AMY M. WOOD • Clerk of the Court
FILED: AA